UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON BECKNER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01395-SEB-MPB |
| | ) | |
| MAXIM CRANE WORKS, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Now before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. 38]. Plaintiffs Jason and Jodi Beckner originally brought this negligence action against Defendant Maxim Crane Works, L.P. ("Maxim") in Indiana state court. Maxim properly removed the case to this court based on federal diversity jurisdiction under 28 U.S.C. § 1332 and has now moved to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure on grounds that Plaintiffs' sole and exclusive remedy is through the Indiana Worker's Compensation Act and this Court thus lacks subject matter jurisdiction. For the reasons detailed below, we <u>DENY</u> Defendant's Motion to Dismiss.

**Motion to Dismiss Under Rule 12(b)(1)**

This matter arises out of a November 11, 2019 accident that occurred when several roof trusses collapsed at a construction site in Zionsville, Indiana, injuring Plaintiff Jason Beckner, an employee of Commercial Air, Inc. ("Commercial Air"). At the time of the

1

accident, Commercial Air had contracted with Maxim to supply a crane and crane operator, Emmitt Pugh, to the construction site. In this lawsuit, Plaintiffs allege that Mr. Pugh operated the crane in a negligent fashion, causing Mr. Beckner to be injured. In the instant motion to dismiss, Maxim argues that Mr. Pugh was an employee of Commercial Air at the time of Mr. Beckner's injury, and thus, this lawsuit must be dismissed for lack of subject matter jurisdiction because Mr. Beckner's sole and exclusive remedy is through the Indiana Worker's Compensation Act, Indiana Code § 22-3-2-2 *et seq*.

Under Indiana law, "[w]hen an employer defends against an employee's negligence claim on the basis that the employee's exclusive remedy is to pursue a claim for benefits under the Indiana Worker's Compensation Act, the defense is properly advanced through a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1)." *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind. 2001). Under federal law, however, this worker's compensation defense does not affect the court's subject matter jurisdiction. *See Goetzke v. Ferro Corp.*, 280 F.3d 766, 778–79 (7th Cir. 2002) (holding that an exclusivity defense under Indiana Worker's Compensation Act did not affect subject matter jurisdiction based on diversity of citizenship; defense addressed merits of claim).

We clearly have subject matter jurisdiction over this litigation based on diversity of citizenship pursuant to 28 U.S.C. § 1332. "The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress" and "[o]nce Congress has conferred subject matter jurisdiction on the federal courts, state law cannot expand or contract that grant of authority." *Goetzke*, 280 F.3d at 778–79 (quotation marks and

citations omitted). Because we have subject matter jurisdiction over this action pursuant to the federal diversity statute, Maxim's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) must be <u>DENIED</u>.[1]

IT IS SO ORDERED.

Date:   3/14/2023

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] We note that this ruling does not preclude Maxim from raising the issue of exclusivity under the Worker's Compensation Act in the proper procedural context, including at summary judgment. In fact, Maxim has raised the issue of worker's compensation exclusivity on a full factual record in its currently pending summary judgment motion. Accordingly, we will revisit the issue in the summary judgment context once Maxim's motion is fully briefed.

Distribution:

Elliott Joseph Hostetter
ehostetter@rolfeshenry.com

R. Eric Sanders
ROLFES HENRY CO., LPA
esanders@rolfeshenry.com

Christopher G. Stevenson
WILSON KEHOE & WININGHAM
cstevenson@wkw.com